## UNITED STATES *v.* HART.

The act of Congress of 3d March, 1863, giving to the District Court for the Territory of *New Mexico* jurisdiction over all cases which should arise in the collection district of *Paso del Norte*, in the administration of the *revenue* laws, does not warrant proceedings against lands in *El Paso*, Texas, under the "Act to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes," approved July 17th, 1862 (12 Stat. at Large, 589).

APPEAL from the Supreme Court of the Territory of New Mexico, the case being thus:

---

* See the Gray Jacket, 5 Wallace, 368.

An act of Congress of March 3d, 1863,* entitled "An act *to facilitate the collection of revenue* in El Paso County, Texas," &c., revives and re-enacts by its first section, a previously repealed statute, providing—

"That the District Court for the Territory of *New Mexico* shall have-and exercise jurisdiction over all cases which shall arise in the collection district of *Paso del Norte, in the administration of the revenue laws,* in the same manner as if the said district was entirely within the Territory of New Mexico."

And by its second section, enacts:

"That the jurisdiction of the District Court of New Mexico shall extend over the citizens of El Paso County, Texas, only in cases not instituted by indictment; and the trial and proceedings for violations of the revenue laws in said District Court of New Mexico, shall be the same as in other District Courts of the United States invested with admiralty powers: and this act shall take effect from and after its passage."

In this state of congressional enactment, the United States filed *a libel of information* in the District Court of the United States for the third judicial district of *the Territory of New Mexico,* to subject certain real estate of Hart, situated in El Paso County, *Texas,* to condemnation, under the sixth section of the act of Congress passed 17th of July, 1862, which subjects to seizure and confiscation the property of any person within any of the States or Territories of the United States, being engaged in armed rebellion against the government of the United States, or aiding and abetting such rebellion, after public warning by the President of the United States.

The district judge entertaining jurisdiction of the case upon his construction of the above-quoted act of Congress of March 3d, 1863, such proceedings were had that, a decree was entered December 2d, 1865, condemning the property, and directing it to be sold. An appeal was taken from this

---

* 12 Stat. at Large, 761.

decree to the Supreme Court of the Territory, which reversed the same, and remanded the cause to the court below, directing that court to dismiss the same for want of jurisdiction in said court over the real estate in the County of El Paso, Texas. From this decree of the Supreme Court of the Territory of New Mexico, the case was now before this court on appeal.

*Mr. Robert Leech, for the appellee, and in support of the decree below,* contended that—

1. The legislation in question, while it extended the jurisdiction of the District Court of New Mexico, over the *citizens* of El Paso County, Texas, in certain *revenue* cases, manifestly conferred no jurisdiction on said court in proceedings against *real estate,* under the *Confiscation* Act of July 17th, 1862.

2. The District Court, under proceedings on libel, and as a court of admiralty, had no jurisdiction of the subject; the doctrine being settled, that in the trial of all cases of seizure on *land,* the court sits as a court of common law, and that in all cases at common law, the trial must be by jury.

Mr. Justice NELSON delivered the opinion of the court.

The Supreme Court in reversing the judgment below, held, that the act in question did not extend to, or embrace proceedings under the act of 17th of July, 1862, providing for confiscation of the property of persons engaged in, or aiding and abetting the rebellion, of the correctness of which decision we can entertain no doubt.

If the District Court below could have, under any circumstances, jurisdiction of the case, according to the practice as settled in the cases of the *Union Insurance Company* v. *United States, Armstrong's Foundry and the St. Louis Street Foundry,* *  decided at the present term, as it has been tried on the admiralty side of the court, the proper disposition of it would

---

* The last preceding three cases.

be to reverse the decree, and remand the cause to the court below, with directions to enter a decree remitting it to the District Court that it might be tried on the common law side with a jury, the seizure having been made on land, and not on waters navigable from the sea.  But, as the Supreme Court of the Territory has reversed the decree of confiscation for the want of jurisdiction, in the correctness of which judgment we concur, the proper disposition of it will be to AFFIRM THE DECREE, as this reaches directly the right conclusion in the case.

NOTE.  Like decrees were made in the similar cases of United States *v* Crosby, and United States *v.* Gillet, as governed by this one.